## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2019, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harold Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 11, 2019 <br><br> Court of Appeals Case No. 19A-CR-501 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela D. Davis <br><br> Trial Court Cause No. 49G16-1807-F6-22512 |

**May, Judge.**

[1] Harold Jones appeals his convictions of Level 6 felony intimidation[1] and Class A misdemeanor battery resulting in bodily injury.[2] Jones argues his convictions should be overturned because the victim's testimony was incredibly dubious. We affirm.

## Facts and Procedural History

[2] On July 9, 2018, Jones was visiting his girlfriend, D.B., at the residence she shared with her mother, U.L.; one-year-old son, K.B.; grandfather, Mason; and grandmother, Debra. U.L., with whom Jones had prior sexual history, was in the living and dining area of the home when she saw Jones come out of the bathroom. U.L. told Jones that K.B. wanted to watch television. Jones responded, "it's not his mother's fucking tv, it[']s mine." (Tr. Vol. II at 9.) U.L. commented that the language Jones was using around the child was "hostile." (*Id.*)

[3] Jones responded to U.L.'s comment by getting "in her face" and calling her "a little shit[.]" (*Id.* at 10, 11.) U.L. repeatedly asked Jones to get out of her face, and when he did not, she pushed Jones away. Jones then smacked U.L.'s face, and U.L. responded by throwing her phone at Jones. The phone struck Jones in the face.

---

[1] Ind. Code § 35-45-2-1(a)(2).

[2] Ind. Code § 35-42-2-1(c)(1).

[4] Jones then punched U.L. in the face. U.L. stated "you were fucking me and eating me out, why are you hitting me now?" (App. Vol. II at 16.) U.L.'s father, Mason, escorted Jones out of the house after the altercation. Jones formed his hand into the shape of a gun, pantomimed shooting U.L., and stated "bitch, don't you come over here, I'll shoot you." (Tr. Vol. II at 14.) Because U.L. knew Jones owned a gun, she interpreted his gesture as a credible threat to shoot her, and she called the police.

[5] Upon their arrival, the police found Jones, D.B., and K.B. in a car parked across the street from the house. Jones and D.B. admitted there had been a confrontation. U.L. was "[v]ery agitated, extremely upset[,]" (*id.* at 27), and "very emotional[.]" (*Id.* at 32.) U.L.'s injuries were documented at the hospital, including a puncture wound on her upper thigh, and bruises and scratches on her arms and face. Photos taken at the hospital depict redness and a scratch where Jones had hit her.

[6] The State charged Jones with Level 6 felony domestic battery,[3] Level 6 felony intimidation, Class A misdemeanor domestic battery,[4] and Class A misdemeanor battery resulting in bodily injury. At the conclusion of a bench trial held on July 11, 2018, the court convicted Jones of Level 6 felony intimidation and Class A misdemeanor battery resulting in bodily injury. The

---

[3] Ind. Code §§ 35-42-2-1.3(a)(1), (b)(2).

[4] Ind. Code § 35-42-2-1.3(a)(1).

court imposed a 365-day suspended sentence and ordered 180 days of probation subject to early termination upon the completion of 13 weeks of anger management classes.

# Discussion and Decision

[7] When reviewing claims of insufficient evidence, we examine the evidence presented in a light most favorable to the verdict. *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015). We give deference to the trial court and affirm the verdict unless there is "no substantial evidence of probative value to support it." *Id.*

[8] Jones asserts the evidence was insufficient to support his convictions because U.L.'s testimony was incredibly dubious. The incredible dubiosity rule allows an appellate court to review the factual findings, but only where (1) "a sole witness presents" (2) "inherently contradictory testimony which is equivocal or the result of coercion" and (3) "there is a complete lack of circumstantial evidence of the appellant's guilt." *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015). We will infringe upon a trial court's finding only if a showing is made under all three prongs. *Id.* at 765.

[9] At Jones' trial, five witnesses testified and most of them provided corroborating statements. The story U.L. consistently told and retold was not improbable. Her testimony was not contradictory or equivocal. She testified that there was a verbal alteration that led to physical violence and intimidating threats.

Finally, considerable circumstantial evidence existed including pictures showing the injuries sustained by U.L., two responding police officers testified to U.L.'s injuries and to seeing Jones in the car across from the home, and the testimony of both D.B. and Jones confirmed an altercation occurred. As such, the incredible dubiosity rule does not apply in this case. *See, e.g., Id.* at 755 (incredible dubiosity rule does not apply because of multiple witnesses, lack of testimonial inconsistencies, and the existence of circumstantial evidence).

[10] A person commits intimidation when he communicates a threat with the intent of making a person fearful of retaliation. Ind. Code §§ 35-45-2-1(a)(2), (b)(1)(A). U.L. testified Jones threaten to kill her in retaliation for the fight and for revealing the alleged affair. These facts meet the elements of intimidation. *See, e.g., Fleming v. State*, 85 N.E.3d 626, 632 (Ind. Ct. App. 2017) (holding there was sufficient evidence to support conviction for intimidation where a reasonable fact finder could conclude threats were made with the intent to put the victim in fear for his safety).

[11] The elements of battery resulting in bodily harm are knowingly or intentionally touching someone "in a rude, insolent, or angry manner" causing bodily harm. Ind. Code §§ 35-42-2-1(c)(1), (d)(1). U.L. testified that Jones pushed and hit her, and she testified that she had injuries. Thus, the Record contains evidence to support Jones' conviction of battery resulting in bodily injury. *See, e.g., Bailey v. State*, 979 N.E.2d 133, 143 (Ind. 2012) (appellant found guilty of battery resulting in bodily injury after victim reported the battery caused physical pain).

# Conclusion

[12] The incredible dubiosity rule is inapplicable in this case, and there was sufficient evidence to support Jones' convictions. Therefore, the trial court's judgment is affirmed.

Affirmed.

Najam, J., and Bailey, J., concur.